UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

EDUARDO TORRES RODRIGUEZ,

           Petitioner,

v.

KEVIN RAYCRAFT et al.,

           Respondents.

_____/

Case No. 1:26-cv-976

Honorable Paul L. Maloney

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### I.    **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.13.)

In an order entered on March 27, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 3.) Respondents filed their response on April 1, 2026, (ECF No. 4), and Petitioner filed his reply on April 3, 2026, (ECF No. 5).

## II.    Factual Background

Petitioner is a native and citizen of Mexico. (Pet., ECF No. 1, PageID.5; Notice to Appear (NTA), ECF No. 4-1, PageID.59.) He has resided in the United States for 26 years and resides in Michigan. (Pet., ECF No. 1, PageID.10.) Petitioner entered the United States in 2012 at an unknown place without inspection. (NTA, ECF No. 4-1, PageID.59.) On December 14, 2012, DHS charged Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner was an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (*Id.*)

On February 4, 2026, ICE agents detained and arrested Petitioner. (Pet., ECF No. 1, PageID.10; Form I-213, ECF No. 4-2, PageID.63.) On February 27, 2026, the Detroit Immigration Court held a § 1226 bond hearing. (Order of the Immigration Judge, ECF No. 4-3. PageID.67.) In a written decision issued on February 27, 2026, the Immigration Judge denied Petitioner's request for a change in custody status explaining:

> The Court finds that Respondent is a flight risk and a danger to the community. The Court finds that Respondent does not have a sufficient likelihood of success on any applications. Respondent has no applications filed with this Court and the pending applications with USCIS are speculative.
>
> In addition, the evidence before the Court and Respondent's own testimony indicates Respondent has used more than one social security number while in the United States. Respondent used the first social security number to gain employment in the United States. Respondent testified the first social security number was just given to him by someone on the street. Upon further questioning, Respondent testified he bought the social security card from someone.
>
> Also, Respondent has filed limited tax returns for the years 2013, 2014, 2019, 2020, 2023, 2024. Respondent's tax returns for 2024 and 2023 indicate he claimed as a dependent {name redacted}, an uncle. When questioned regarding this matter,

2

Respondent stated that other than his children no one lived with him and he does not know anyone by that name.

Respondent's actions related to using a false social security card and likely unlawfully claiming someone as a dependent for tax and financial benefits are indicative of a person who does not have a high likelihood of success on any applications for relief. Further, the court finds that Respondent is a flight risk.

The Court therefore declines to change respondent's custody status.

(*Id.*)

## III.    Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy— 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

**IV.    Discussion**

In Petitioner's § 2241 petition, as relief, Petitioner asks the Court to order Respondents to release Petitioner or order Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.13.) Prior to initiating this action, Petitioner had a bond hearing in the Detroit Immigration Court, and the immigration judge issued a written decision denying Petitioner's request for bond on February 27, 2026. (Order Immigration Judge, ECF No. 4-3.)

Although in the present § 2241 petition, Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner does not raise any constitutional claims regarding the February 2026 bond hearing. (*See generally* Pet., ECF No. 1.) Indeed, Petitioner's § 2241 petition and reply do not mention the February 2026 bond hearing. (*See* Pet., ECF No. 1; Reply, ECF No. 5.) Under these circumstances, because Petitioner received a bond hearing, which is the relief that he seeks in his § 2241 petition, and Petitioner does not raise any claims regarding the bond hearing itself in the present action, it appears that the present § 2241 petition is moot. Therefore, the Court will dismiss the action without prejudice.[1]

---

[1] Petitioner is free to challenge the nature of the bond hearing; however, any such challenge raises new claims that were not raised in Petitioner's original § 2241 petition and which are not presently before the Court. If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the February 2026 bond hearing, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:    April 24, 2026                          /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  United States District Judge